## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

JOEL W. ALLEN, )
 )
 Plaintiff, )
 )
 vs. ) CIV-09-121-FHS
 )
JOE PAUL ROBERTSON, et. al., )
 )
 Defendants. )

## **ORDER**

Plaintiff, Joel Allen, moved the Court for leave to proceed *in forma pauperis* on his civil rights complaint against the above-named Defendants. Plaintiff submitted his affidavit in support of his motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court finds Plaintiff was entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *informa pauperis* is granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering

1

such complaints." Neitzke 490 U.S. at 324.

A court may dismiss an *in forma pauperis* suit if "it lacks an arguable basis either in law or in fact." Id. at 325. With respect to factual frivolousness, courts are authorized to dismiss such suits "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' Jolly v. Klein, 923 F.Supp. 931, 942 (S.D. Tex. 1996)(quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). To sustain a dismissal for frivolousness the facts must "rise to the level of the irrational or the wholly incredible." Jolly, 923 F.Supp. at 942. Dismissal is not warranted "simply because the court finds the Plaintiff's allegations unlikely." Id. at 942-43.

Plaintiff alleges this court has jurisdiction pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985 and habeas corpus. Plaintiff is not in custody so a habeas corpus lawsuit is not appropriate. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). To establish a claim for conspiracy to violate civil rights plaintiff must establish (1) a conspiracy; (2) a purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in futherance of the conspiracy; and (4) an injury to his person or property or a deprivation of any right or privilege of a citizen of the United States. Keri v. Board of Trustees of Purdue University, 458 F. 3d 620, 642 (10th Cir. 2006).

2

Plaintiff has sued Joe Paul Robertson who is an attorney and Lloyd Payton, Executor. Mr. Payton is a lawyer as well. Apparently, they represented the plaintiff Joel Allen in a criminal case. In the Complaint, plaintiff alleges these lawyers committed malpractice and ineffective assistance of counsel which led to his wrongful conviction. He alleges they did not obtain an independent test sample of DNA and did not challenge the FBI expert on cross examination. He also alleges they did not challenge the chain of custody on various pieces of evidence. He also argues they, "sold him out," and that is why he got convicted.

Plaintiff fails to explain his claims. He claims that defendants failed to obtain certain evidence but fails to say what that evidence was or is. He allegations are vague and at times completely incoherent.

The Court concludes the allegations contained in Plaintiff's complaint, authorize the Court to dismiss Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The complaint is devoid of any factual data linking Defendants to Plaintiff's perceived persecution, much less to any recognizable legal theory of recovery. Whether viewed as a whole or individually as to the specifically pled legal theories, Plaintiff's complaint is "clearly baseless" in the sense that the allegations are fanciful, fantastic, and delusional. <u>Jolly</u>, 923 F.Supp. 942. Consequently, the Court is compelled to dismiss this action as frivolous.

Based on the foregoing reasons, the Court finds Plaintiff's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and orders this action dismissed in its entirety.

**IT IS SO ORDERED** this 27th day of March, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma